# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER J. BURCHER, JR.; J.J.B, a minor; SUSAN BURCHER<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY LAWHEAD, et al.,<br><br>Defendants. | Case No.: 18cv2559-JAH (MDD)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. No. 11]** |

## INTRODUCTION

Plaintiffs originally filed this action on November 8, 2018, alleging violations of their Fourth and Fifth Amendment rights under 42 U.S.C. §1983, and various state law claims. *See generally* Doc. No. 1. On May 24, 2019, Defendant Kimberly Lawhead moved to dismiss the Complaint for failure to state a claim. Doc. No. 11. Pursuant to Civ. L. R. 7.1(e)(2) & (4), Plaintiffs' opposition to Defendant's motion to dismiss was due to be filed and served no later than June 14, 2019, based on the July 1, 2019, hearing date. See Civ. L. R. 7.1(e)(2) & (4). On June 21, 2019, Defendant Kimberly Lawhead filed a Notice of Lack of Opposition to Defendant's motion to dismiss. Doc. No. 12.

//

//

## DISCUSSION

Defendant seeks to dismiss the instant action for failure to state a claim. Plaintiffs have filed no response to the motion.

The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule that permits, but does not require, the granting of a motion for failure to respond. *See generally*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (*per curiam*) (affirming dismissal for failure to timely file opposition papers). Civil Local Rule 7.1 provides that "each party opposing a motion ... must file that opposition ... with the clerk ... not later than fourteen (14) calendar days prior to the noticed hearing." S.D. Cal. Civ. Local Rule 7.1(e)(2). "If an opposing party fails to file the papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of that motion or other request for ruling by the court." S.D. Cal. Civ. Local Rule 7.1(f)(3)(a).

"Although there is ... a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to prosecute); *see also Steel v. City of San Diego*, No. 09cv1743, 2009 WL 3715257, at *1 (S.D. Cal., Nov.5, 2009) (dismissing action pursuant to Local Rule 7.1 for plaintiff's failure to respond to a motion to dismiss).

The instant motion to dismiss in this case contains proof of service indicating that Plaintiffs were served with the motion. Doc. No. 11-2. The motion to dismiss reflects that the hearing for the motion was noticed for July 1, 2019. As of the date of this Order, Plaintiffs have failed to file any opposition to the motion to dismiss.

Prior to granting an unopposed motion for dismissal, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423

(9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

With regard to the *Ghazali* factors, the Court will address only the second, third, and fifth factors, as the first and fourth factors cut in opposite directions. The Court finds the second factor weighs in favor of dismissal, as Plaintiffs failed to comply with one of the most basic requirements of litigation and offers no excuse for failing to respond to Defendant's motion to dismiss. Additionally, the Court finds the third factor also weighs in favor of dismissal, as significant delay in the resolution of this matter prejudices Defendants. Based on the foregoing, the Court finds the *Ghazali* factors weigh heavily in favor of granting Defendant's motion to dismiss.

Notably, Plaintiffs Walter J. Burcher and Susan Burcher filed this action listing their minor child, J.J.B., as a plaintiff. The Court must then turn to the Federal Rules of Civil Procedure ("Fed.R.Civ.P") which govern who can sue and be sued, and in what capacity. *See generally* Rule 17, Fed.R.Civ.P.

Rule 17 states that "an action must be prosecuted in the name of the real party in interest," unless brought by a duly appointed representative. Rule 17(a)(1), Fed.R.Civ.P. "A minor person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Rule 17(c)(2), Fed.R.Civ.P. "The [appointed representative] must be truly dedicated to the best interests of the [minor] on whose behalf he [or she] seeks to litigate," and not motivated by any personal gain. *Smith v. Adamas,* No. C 09-3764 PJH (PR), 2010 WL 458913, at *1 (N.D. Cal. Feb. 3, 2010). In any case, if the person attempting to bring suit in federal court on behalf of the minor is the minor's parent or guardian, the parent *must* retain a lawyer. *Tagle v. Clark Cty.,* 678 F. App'x 600 (9th Cir. 2017) (emphasis added) (quoting *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (a parent

or guardian cannot bring an action on behalf of a minor child without retaining a lawyer); *see also Fong Sik Leung v. Dulles,* 226 F.2d 74, 82 (9th Cir. 1995) ("[No] asserted or actual parent[ ] may claim to be a guardian ad litem of his minor child as a matter of right.").

While J.J.B lacks capacity as an infant to sue on his own behalf, Walter J. Burcher and Susan Burcher acting alone also lack the capacity to bring this action on behalf of their infant child. The minor's interest must be represented by a trained legal professional. *See Johns*, 114 F.3d at 877 (agreeing with Third Circuit rationale that minors are entitled to trained legal assistance so their rights may be fully protected.)

### CONCLUSION AND ORDER

IT IS HEREBY ORDERED:

1. Defendant Kimberly Lawhead's motion to dismiss is **GRANTED**. Defendant is **DISMISSED** from the case without prejudice.
2. The Court **GRANTS** Plaintiffs forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading. Plaintiffs are cautioned, however, that should they choose to file an Amended Complaint, it must be complete by itself, comply with the Federal Rules of Civil Procedure and that any claim not realleged will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."; *Lacey v. Maricopa Cnty.,* 963 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled." )

**IT IS SO ORDERED.**

Dated: November 13, 2019

_____
JOHN A. HOUSTON
United States District Judge

4

18cv2559-JAH (MDD)